McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
Kevin D. Hansen, #119831
Brandon M. Fish, #203880
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff New York Marine
and General Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>KINSALE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00967-NONE-JLT<br><br>Consolidated With Case No. 1:20-cv-01085-NONE-JLT<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES SET IN SCHEDULING ORDER**<br><br>(Doc. 16) |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>　　　　　Defendant. | |
| TRC OPERATING COMPANY, INC., a California corporation, TRC CYPRESS GROUP, LLC, a California Limited Liability Company,<br><br>　　　　　Real Parties in Interest. | |

Pursuant to Eastern District of California Local Rule 143, Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"), Plaintiff New York Marine and General Insurance Company ("New York Marine"), Defendant Kinsale Insurance Company ("Kinsale"), Real Parties in Interest TRC Operating Company, Inc. and TRC Cypress Group, LLC (collectively referred to as the "TRC Entities") (St. Paul, New York Marine, Kinsale and the TRC Entities are collectively referred to as the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on July 17, 2014, the underlying case related to this matter was filed in Kern County Superior Court by TRC Operating Company, Inc. and TRC Cypress Group, LLC against Chevron U.S.A., Inc. ("Chevron") on July 17, 2014, entitled *TRC Operating Co. v. Chevron*, Kern County Case No. S-1500-CV-282520-DRL ("*TRC v. Chevron*");

WHEREAS, on May 18, 2017, Chevron filed a Cross-Complaint in *TRC v. Chevron* against the TRC Entities which alleges claims against TRC for negligence, trespass, and private nuisance;

WHEREAS, on February 15, 2012, Travelers issued policy no. ZPP 12R72162 to TRC for the policy period of February 15, 2012 to February 15, 2013, which was subsequently renewed on February 15, 2013 for the policy period of February 15, 2013 to March 17, 2013;

WHEREAS, on March 17, 2014, New York Marine and General Insurance Company issued Commercial General Liability Policy No. PK201400004061 to TRC for the policy period of March 17, 2014 to March 17, 2015, which was subsequently renewed on March 17 of 2015, 2016, and 2017, ultimately extending the policy period to March 17, 2018;

WHEREAS, on March 17, 2013, Kinsale issued Commercial General Liability Policy No. 0100010677-0 to Named Insured TRC Operating Company, Inc. for the policy period of March 17, 2013 to March 17, 2014;

///

WHEREAS the Parties are informed and believe that non-party Lexington Insurance Company ("Lexington") issued Commercial General Liability Policy No. 553-9172-0015 to Named Insured TRC Operating Company, Inc., effective April 1, 1996 to April 1, 1997, which was subsequently renewed under Policy No. 553-9172-0016, effective April 1, 1997 to April 1, 1998 (the "Lexington Policy"); and

WHEREAS the Parties are informed and believe that non-party Lexington may have issued a renewal of its Commercial General Liability Policy to TRC Operating Company, Inc., effective April 1, 1998 to April 1, 1999, but that Lexington claims that this Policy cannot be located (the "Disputed Lexington Policy"); and

WHEREAS, by an undated letter, Travelers extended a defense to TRC to the cross-complaint in *TRC v. Chevron*, subject to a reservation of rights, and is currently providing such a defense;

WHEREAS, by letter dated May 24, 2018, New York Marine extended a defense to TRC to the cross-complaint in *TRC v. Chevron*, subject to a reservation of rights, and is currently providing such a defense;

WHEREAS, Kinsale is not defending TRC in connection with *TRC v. Chevron*, in line with Kinsale's denial of coverage of the matter in a letter to TRC dated January 22, 2018;

WHEREAS, on July 10, 2020, St. Paul Fire initiated this action (Case No. 1:20-cv-00967-NONE-JLT) by filing its Complaint against Kinsale alleging causes of action for declaratory relief, equitable contribution, equitable indemnity, and equitable subrogation in connection with Kinsale's refusal to participate in the defense of the TRC Entities in *TRC v. Chevron*;

WHEREAS, on August 5, 2020, New York Marine filed a Complaint against Kinsale in Case No. 1:20-cv-01085-NONE-JLT alleging causes of action for declaratory relief, equitable indemnity, equitable contribution, and equitable subrogation against Defendant Kinsale in connection with Kinsale's refusal to participate in the defense of the TRC Entities in *TRC v. Chevron*; and

WHEREAS by letter dated November 6, 2020, Lexington issued a reservation of rights letter offering to participate in the defense to TRC in *TRC v. Chevron*, subject to a reservation of rights, but has not yet made payments toward defense fees and costs; and

WHEREAS, on February 2, 2021, the Court issued an Order granting the stipulation to consolidate cases numbered 1:20-cv-01085 NONE JLT and 1:20-cv-00967 NONE JLT, with the scheduling order issued in Case No. 1:20-cv-01085 NONE JLT controlling the consolidated action;

WHEREAS, on November 6, 2020, the Court issued a Scheduling Order in this case, which, among other things, establishes the deadlines for discovery, non-dispositive motions, dispositive motions, and the final pre-trial conference in this case ("Scheduling Order");

WHEREAS, at the time that the Scheduling Order was issued on November 20, 2020, the trial in *TRC v. Chevron* was scheduled to start on March 15, 2021;

WHEREAS, *TRC v. Chevron* is currently pending and is scheduled to commence trial on August 2, 2021; and

WHEREAS, St. Paul and New York Marine believe that certain coverage issues presented in this action and the damages claimed by St. Paul and New York Marine will be materially affected by the outcome of *TRC v. Chevron* and therefore will not be set until there is a judgment in *TRC v. Chevron*, or that action is otherwise resolved; and

WHEREAS, significant discovery will need to be taken after the trial of the *TRC v. Chevron* Action, including review and analysis of the trial transcript thereof, the evidence presented, the damages being claimed, the verdict reached by the jury, if any, and the judgment, if any, which cannot be completed under the existing deadlines set forth in the Scheduling Order; and

WHEREAS, it is anticipated that renewed concerns about the delta variant of the COVID-19 virus, which is rapidly spreading throughout California, including

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4   Case No. 1:20-cv-00967-NONE-JLT
STIPULATION AND [~~PROPOSED~~] ORDER EXTENDING DEADLINES SET IN SCHEDULING ORDER

recent reintroduction of mask mandates due to rising infection rates in Los Angeles County and elsewhere, will cause further delays in discovery, law and motion activity, and participation of counsel in the within litigation;

THEREFORE, based on the foregoing, the Parties hereby stipulate and agree, and respectfully request that the Court order the following:

1. The deadline to disclose all expert witnesses set by the Scheduling Order shall be extended by 120 days from July 30, 2021 to November 29, 2021 (the 120th day from July 30, 2021 is a Saturday, date extended to the following Monday).

2. The deadline to disclose all rebuttal expert witnesses set by the Scheduling Order shall be extended by 120 days from August 27, 2021 to December 27, 2021 (the 120th day from August 27, 2021 is a Saturday, date extended to the following Monday).

3. The non-expert discovery deadline set by the Scheduling Order shall be extended by 120 days from September 10, 2021 to January 10, 2022 (the 120th day from September 10, 2021 is a Saturday, date extended to the following Monday).

4. The expert discovery deadline set by the Scheduling Order shall be extended by 120 days from September 24, 2021 to January 24, 2022 (the 120th day from September 24, 2021 is a Saturday, date extended to the following Monday).

5. The non-dispositive motion filing deadline set by the Scheduling Order shall be extended by 120 days from October 7, 2021 to February 4, 2022.

6. The non-dispositive motion hearing deadline set by the Scheduling Order shall be extended by 120 days from November 4, 2021 to March 4, 2022.

7. The dispositive motion filing deadline set by the Scheduling Order shall be extended by 120 days from October 7, 2021 to February 4, 2022.

8. The dispositive motion hearing deadline set by the Scheduling Order on shall be extended by 120 days from November 18, 2021 to March 18, 2022.

/ / /

/ / /

9. The final pre-trial conference date set by the Scheduling Order shall be extended by 120 days from January 13, 2022 to May 13, 2022.

Dated:  July 26, 2021                McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ James P. Wagoner
James P. Wagoner
Kevin D. Hansen
Brandon M. Fish
Attorneys for Plaintiff New York Marine and General Insurance Company

Dated:  July ___, 2021               NEMECEK & COLE

By: _____
Matthew J. Hafey
Gail Orr
Attorneys for Defendant Kinsale Insurance Company

Dated:  July ___, 2021               PLEDGER LAW, PC

By: _____
Jean M. Pledger
Attorneys for Real Parties in Interest TRC Operating Company, Inc. and TRC Cypress Group, LLC

1  Dated: July ___, 2021                      MORALES FIERRO & REEVES

3                                             By: _____
4                                                 William C. Reeves
                                                  Attorneys for Plaintiff St. Paul Fire and Marine
5                                                 Insurance Company

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7                    Case No. 1:20-cv-00967-NONE-JLT
STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES SET IN SCHEDULING ORDER

## [~~PROPOSED~~] ORDER

Based upon the stipulation of the parties, the Court **ORDERS** the case schedule amended as follows:

1. The parties SHALL disclose their expert witnesses no later than November 29, 2021.
2. The parties SHALL disclose any rebuttal expert witnesses no later than December 27, 2021.
3. The parties SHALL complete all non-expert discovery no later than January 10, 2022.
4. The parties SHALL complete all expert discovery no later than January 24, 2022.
5. The parties SHALL file non-dispositive motions, if any, no later than February 4, 2022 to be heard no later than March 4, 2022.
7. The parties SHALL file dispositive motions, if any, no later than February 4, 2022 to be heard no later than March 18, 2022.
9. The pre-trial conference is CONTINUED to May 13, 2022.

The Court does not anticipate again extending these deadlines.

IT IS SO ORDERED.

Dated:  **July 28, 2021**               /s/ Jennifer L. Thurston
                                    CHIEF UNITED STATES MAGISTRATE JUDGE