1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
   Kevin D. Hansen, #119831
3  Brandon M. Fish, #203880
   7647 North Fresno Street
4  Fresno, California 93720
   Telephone:  (559) 433-1300
5  Facsimile:   (559) 433-2300

6  Attorneys for Plaintiff New York Marine
   and General Insurance Company
7

8          UNITED STATES DISTRICT COURT

9     EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ST. PAUL FIRE AND MARINE         Case No. 1:20-cv-00967-JLT-BAK
    INSURANCE COMPANY,               (BAM)
12
                Plaintiff,           Consolidated With Case No. 1:20-cv-
13                                   01085-NONE-JLT
    KINSALE INSURANCE COMPANY,
14                                   **[PROPOSED]** STIPULATED
                Defendant.           PROTECTIVE ORDER
15
                                     Hon. Jennifer L. Thurston
16  _____
    NEW YORK MARINE AND              Complaint Filed:  August 5, 2020
17  GENERAL INSURANCE COMPANY,       Trial Date:            None
    a Delaware corporation,
18                                   [Concurrently Filed With Stipulation To
                Plaintiff,           Lift Stay For Limited Purpose Of
19                                   Obtaining A Protective Order;
          v.                         Declaration of James P. Wagoner]
20
    KINSALE INSURANCE COMPANY,
21  an Arkansas corporation,

22              Defendant.

23  _____
    TRC OPERATING COMPANY, INC.,
24  a California corporation, TRC
    CYPRESS GROUP, LLC, a California
25  Limited Liability Company,

26              Real PARTIES in Interest.
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") in case no. 1:20-cv-00967-NONE-JLT, Plaintiff New York Marine and General Insurance Company ("New York Marine") in case no. 1:20-cv-01085-NONE-JLT, Defendant Kinsale Insurance Company ("Kinsale") in case nos. 1:20-cv-00967-NONE-JLT and 1:20-cv-01085-NONE-JLT, and Real Parties in Interest TRC Operating Company, Inc. and TRC Cypress Group, LLC (collectively referred to as the "TRC Entities") in case no. 1:20-cv-01085-NONE-JLT (St. Paul, New York Marine, Kinsale and the TRC Entities are collectively referred to as the "PARTIES"), through their undersigned counsel, jointly submit this Stipulated Protective Order ("PROTECTIVE ORDER") to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this ACTION.

## I.   PURPOSES AND LIMITATIONS

DISCLOSURE and discovery activity in this ACTION are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the PARTIES to this ACTION hereby stipulate to and petition the Court to enter the following PROTECTIVE ORDER.

The PARTIES acknowledge that this PROTECTIVE ORDER does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under established legal principles. The PARTIES further acknowledge, as set forth in Section 12.3, below, that this PROTECTIVE ORDER does not automatically entitle them to file confidential information under seal; rather Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2
[PROPOSED] STIPULATED PROTECTIVE ORDER

1     PARTY seeks permission from the Court to file material under seal.

2         Nothing in this PROTECTIVE ORDER shall be deemed an admission by any

3     PARTY that certain categories or types of DOCUMENTS or information contain

4     proprietary or confidential information. Each PARTY retains the right to challenge

5     any and all information designated "CONFIDENTIAL," as defined in Paragraph 3.3

6     below, through the procedures detailed in this PROTECTIVE ORDER. Nothing in

7     this PROTECTIVE ORDER shall be deemed a waiver of any such rights.

8         THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND JOINTLY

9     REQUESTED by and between the PARTIES to *St. Paul Fire and Marine Ins. Co. v.*

10    *Kinsale Ins. Co.* (Case No. 1:20-cv-00967-NONE-JLT) and *New York Marine and*

11    *General Ins. Co. v. Kinsale Ins. Co.* (Case No. 1:20-cv-01085-NONE-JLT), which

12    are consolidated as of February 2, 2021 (Dkt. No. 12), with the scheduling order

13    issued in Case No. 1:20-cv-01085 NONE JLT controlling the consolidated action,

14    by and through their respective counsel of record, that this COURT enter this

15    PROTECTIVE ORDER to govern the proceedings in this ACTION for good cause

16    shown and according to the following terms and provisions.

17    **II.**     **GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(C)**

18        This ACTION is likely to involve CONFIDENTIAL and proprietary business

19    and commercial information and trade secrets of the PARTIES, as well as sensitive

20    and private information about PARTIES and NON-PARTIES for which special

21    protection from public disclosure and from use for any purpose other than

22    prosecution and defense of this ACTION is warranted. Such CONFIDENTIAL and

23    proprietary materials and information consist of, among other things,

24    CONFIDENTIAL business or financial information; information regarding

25    CONFIDENTIAL business practices; other CONFIDENTIAL research,

26    development, or commercial information (including information implicating privacy

27    rights of third PARTIES); information otherwise generally unavailable to the public;

28    and information that may be otherwise protected from DISCLOSURE under state or

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    federal statutes, court rules, case decisions, or common law.

2        Accordingly, to expedite the flow of information, to facilitate the prompt

3    resolution of disputes over confidentiality of discovery materials, to adequately

4    protect information the PARTIES are entitled to keep CONFIDENTIAL, to ensure

5    that the PARTIES are permitted reasonably necessary use of such material in

6    preparation for and in the conduct of proceedings in this ACTION, to address their

7    handling at the end of the litigation, and to serve the ends of justice, a protective

8    order for such information is justified in this matter. It is the intent of the PARTIES

9    that information will not be designated as CONFIDENTIAL for tactical reasons and

10   that nothing be so designated without a good-faith belief that it has been maintained

11   in a CONFIDENTIAL, nonpublic manner, and there is good cause why it should not

12   be part of the public record of this case.

13       **Statement Under L.R. 141.1(c)(1):**  Examples of CONFIDENTIAL

14   information that the PARTIES may seek to protect from unrestricted or unprotected

15   DISCLOSURE include:

16       a)    Information that is the subject of a non-disclosure or confidentiality

17             agreement or obligation or subject to the mediation or settlement

18             privileges;

19       b)    Agreements with third-parties, including liability coverage agreements,

20             reservation of rights letters, underwriting information, insurance

21             contracts and financial information (such as premium, rating

22             information, and rating basis (e.g. gross sales), which may be set forth

23             in insurance contracts);

24       c)    Information related to claims administration and management,

25             including but not limited to costs, margins, or other internal

26             financial/accounting information, including non-public information

27             related to financial condition or performance and income or other non-

28             public tax information; and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

d)      Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition.

e)      All documents, materials and testimony marked confidential in the in the underlying litigation *TRC Operating Company, Inc. v. Chevron U.S.A., Inc.*, Superior Court of the State of California, County of Kern, Case No.: S-1500-CV-282520-DRL.

f)      The TRC Entities' trade secrets, business and financial information.

**Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and DOCUMENTS shall only be designated under this PROTECTIVE ORDER because the DESIGNATING PARTY believes the information or DOCUMENTS are proprietary and/or CONFIDENTIAL that the DESIGNATING PARTY would not release publicly.  Unrestricted or unprotected disclosure of such CONFIDENTIAL or commercial  information would result in prejudice or harm to the PRODUCING PARTY by revealing the PRODUCING PARTY's methods for items such as insurance claims administration and claims management, marketing of insurance products, methodology for underwriting insurance risks, actuarial information, including risk factors, rating and pricing of insurance policies, and insurance industry contacts. Such information will have been developed at the expense of the PRODUCING PARTY and represent valuable tangible and intangible assets of that PARTY.  Additionally, privacy interests of Third Parties, such as financial information, must be safeguarded.  Accordingly, the PARTIES respectfully submit that there is good cause for the entry of this PROTECTIVE ORDER.

**Statement Under L.R. 141.1(c)(3):**  The PARTIES submit that protecting the CONFIDENTIAL nature of information in this way will be most efficient for the PARTIES and the COURT. DOCUMENTS likely sought in the instant litigation are subject to a protective order in the underlying litigation *TRC Operating Company, Inc. v. Chevron U.S.A., Inc.*, Superior Court of the State of California, County of

Kern, Case No.: S-1500-CV-282520-DRL. Additionally, the underlying litigation is still pending and the production of DOCUMENTS may prejudice the defense of the TRC Entities in that action. The PARTIES have met and conferred on this issue and agree that any private agreement between the PARTIES to safeguard this information will need to be replicated through orders of this COURT at the time of filing dispositive or non-dispositive motions. The burden shall be on the PARTY that designated information "CONFIDENTIAL" to take all steps necessary to protect that information in information filed with the Court.  However, the PARTIES also agree that if a PARTY seeks to file information previously designated as CONFIDENTIAL under seal and the Court does not deem the information to be worthy of such protection, the PARTY may proceed with its filing containing otherwise CONFIDENTIAL DOCUMENTS and information without an Order sealing the record so long as (a) the PARTY has made a good faith effort to obtain an Order sealing the record; and (b) the PARTY takes no further steps to draw public attention to the Court filing of information formerly designated as CONFIDENTIAL.

## III.   **DEFINITIONS**

In this PROTECTIVE ORDER, the words set forth below shall have the following meanings:

3.1.      "ACTION" or "PROCEEDING" means the above-entitled proceeding, consolidated case no. 1:20-CV-00967-NONE-JLT.

3.2.      "CHALLENGING PARTY" shall mean a PARTY or NON-PARTY that challenges the designation of information or items under this PROTECTIVE ORDER.

3.3.      "CONFIDENTIAL" Information or Items means DOCUMENTS, materials, depositions or other TESTIMONY, deposition exhibits, interrogatory responses, responses to requests for admission, and other information produced by the PARTIES or third parties in connection with this case that a

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

PARTY believes in good faith contains or comprises any proprietary, confidential, or sensitive information that is related to research and development or is a trade secret or is of a commercial, technical, financial, or personal nature or qualifies for protection under Federal Rule of Civil Procedure 26(c)(1)(A-H).

3.4.     "COUNSEL" shall mean OUTSIDE COUNSEL OF RECORD and IN-HOUSE COUNSEL (each as defined herein), as well as their respective support staff.

3.5.     "COURT" shall mean the United States District Court, Eastern District of California, Fresno Division.

3.6.     "DESIGNATING PARTY" means the PARTY that designates Materials as "CONFIDENTIAL."

3.7.     "DISCLOSE" or "DISCLOSED" or "DISCLOSURE" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

3.8.     "DISCLOSURE OF DISCOVERY MATERIAL" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, TESTIMONY, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.9.     "DOCUMENTS" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure and include any "writing," "recording," "photograph," "original," or "duplicate," as those terms are defined by Federal Rule of Evidence 1001.

3.10.    "EXPERT" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a PARTY or its COUNSEL to serve as an expert witness or as a consultant in this ACTION.

3.11.    "INFORMATION" means the content of DOCUMENTS or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

TESTIMONY.

3.12.     "IN-HOUSE COUNSEL" means attorneys who are employees of a PARTY to this ACTION. IN-HOUSE COUNSEL does not include OUTSIDE COUNSEL OF RECORD  or any other outside counsel.

3.13.     "NON-PARTY" or "NON-PARTIES" means any natural person, partnership, corporation, association, or other legal entity not named as a PARTY to this ACTION who/that agrees to be bound by this PROTECTIVE ORDER by signing the "Acknowledgement and Agreement to Be Bound" that is attached to this PROTECTIVE ORDER as Exhibit A.

3.14.     "OUTSIDE COUNSEL OF RECORD" means attorneys who are not employees of a PARTY to this ACTION but are retained to represent or advise a PARTY to this ACTION and have appeared in this ACTION on behalf of that PARTY or are affiliated with a law firm which has appeared on behalf of that PARTY.

3.15.     "PARTIES" shall mean Plaintiff New York Marine and General Insurance Company ("New York Marine"), Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"), Defendant Kinsale Insurance Company ("Kinsale"), and real PARTIES in interest TRC Operating Company, Inc. and TRC Cypress Group, LLC (collectively "TRC Entities").

3.16.     "PARTY" shall mean one of the aforementioned five PARTIES.

3.17.     "PRODUCING PARTY" shall mean a PARTY or NON-PARTY that produces INFORMATION or other discovery material in this ACTION.

3.18.     "PROFESSIONAL VENDORS" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.19.     "PROTECTED MATERIAL" means any DISCLOSURE OF DISCOVERY MATERIAL that is designated as "CONFIDENTIAL" that has not

1 had that designation removed according to the terms of this PROTECTIVE

2 ORDER.

3     3.20.     "PROTECTIVE ORDER" means this Stipulated Protective

4 Order entered in the ACTION.

5     3.21.     "RECEIVING PARTY" means a PARTY that receives

6 DISCLOSURE OF DISCOVERY MATERIAL from a PRODUCING PARTY.

7     3.22.     "TESTIMONY" means all depositions, declarations or other

8 testimony taken or used in this PROCEEDING.

9 **IV.   SCOPE AND DURATION**

10     **4.1   Scope.** The protections conferred by this Stipulation and

11 PROTECTIVE ORDER cover not only PROTECTED MATERIAL (as defined

12 above), but also (1) any INFORMATION copied or extracted from PROTECTED

13 MATERIAL; (2) all copies, excerpts, summaries, or compilations of PROTECTED

14 MATERIAL; and (3) any TESTIMONY, conversations, or presentations by

15 PARTIES or their COUNSEL that might reveal PROTECTED MATERIAL.

16 However, the protections conferred by this PROTECTIVE ORDER do not cover the

17 following INFORMATION: (a) any INFORMATION that is in the public domain at

18 the time of DISCLOSURE to a RECEIVING PARTY or becomes part of the public

19 domain after its DISCLOSURE to a RECEIVING PARTY as a result of publication

20 not involving a violation of this PROTECTIVE ORDER, including becoming part

21 of the public record through trial or otherwise; and (b) any INFORMATION known

22 to the RECEIVING PARTY prior to the DISCLOSURE or obtained by the

23 RECEIVING PARTY after the DISCLOSURE from a source who obtained the

24 INFORMATION lawfully and under no obligation of confidentiality to the

25 DESIGNATING PARTY. Any use of PROTECTED MATERIAL at trial shall be

26 governed by a separate agreement or order.

27     **4.2   Duration.** Even after final disposition of this litigation, the

28 confidentiality obligations imposed by this PROTECTIVE ORDER shall remain in

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  effect until a DESIGNATING PARTY agrees otherwise in writing or a court order

2  otherwise directs. Final disposition shall be deemed to be upon (1) dismissal of all

3  claims and defenses in this ACTION, with or without prejudice; or (2) final

4  judgment herein after the completion and exhaustion of all appeals, rehearings,

5  remands, trials, or reviews of this ACTION, including the time limits for filing any

6  motions or applications for extension of time pursuant to applicable law.

7  **V.**    **DESIGNATING PROTECTED MATERIAL**

8        5.1    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

9  this PROTECTIVE ORDER or as otherwise stipulated or ordered, DISCLOSURE

10  OF DISCOVERY MATERIAL that qualifies for protection under this

11  PROTECTIVE ORDER must be clearly so designated before the material is

12  DISCLOSED or produced.

13        Designation in conformity with this PROTECTIVE ORDER requires:

14        (a)    for DOCUMENTS (e.g., paper or electronic DOCUMENTS, but

15  excluding transcripts of depositions or other pretrial or trial proceedings), that the

16  PRODUCING PARTY affix the legend "CONFIDENTIAL" to each page that

17  contains PROTECTED MATERIAL. If only a portion or portions of the material on

18  a page qualifies for protection, the PRODUCING PARTY also must clearly identify

19  the protected portion(s) (e.g., by making appropriate markings in the margins).  A

20  PARTY or NON-PARTY that makes original materials available for inspection

21  need not designate them for protection until after the inspecting PARTY has

22  indicated which material it would like copied and produced. During the inspection

23  and before the designation, all of the material made available for inspection shall be

24  deemed "CONFIDENTIAL." After the inspecting PARTY has identified the

25  materials it wants copied and produced, the PRODUCING PARTY must determine

26  which materials, or portions thereof, qualify for protection under this PROTECTIVE

27  ORDER. Then, before producing the specified materials, the PRODUCING PARTY

28  must affix the "CONFIDENTIAL" legend to each page that contains PROTECTED

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

MATERIAL. If only a portion or portions of the material on a page qualifies for protection, the PRODUCING PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for TESTIMONY, that the DESIGNATING PARTY may either identify on the record all protected TESTIMONY, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to twenty-one (21) days from the deposition, hearing or proceeding to make its designation.  The designation shall indicate the page and line numbers of any transcript of material deemed to be CONFIDENTIAL.

(c)     for INFORMATION produced in some form other than documentary and for any other tangible items, that the PRODUCING PARTY affix in a prominent place on the exterior of the container or containers in which the INFORMATION or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the INFORMATION or item warrant protection, the PRODUCING PARTY, to the extent practicable, shall identify the protected portion(s).

(d)     Parties shall give advance notice if they expect a deposition or other proceeding to include PROTECTED MATERIAL so that the other PARTIES can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a DOCUMENT as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing PROTECTED MATERIAL shall have a legend on the title page noting the presence of PROTECTED MATERIAL, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The DESIGNATING PARTY shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the twenty-one (21) day period, the transcript shall be treated

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11
[PROPOSED] STIPULATED PROTECTIVE ORDER

1  only as actually designated.

2      5.2    Materials Subject to Designation. Each PARTY may designate any

3  DOCUMENT, thing, interrogatory answer, admission, deposition TESTIMONY,

4  and portions of such materials, or other INFORMATION which it has provided or

5  which a NON-PARTY has provided as "CONFIDENTIAL" in accordance with this

6  PROTECTIVE ORDER. In designating DOCUMENTS, TESTIMONY or

7  INFORMATION as "CONFIDENTIAL," the DESIGNATING PARTY's

8  COUNSEL shall make a good faith determination, before applying the designation,

9  that the DOCUMENTS, TESTIMONY or INFORMATION warrants protection

10  under Rule 26(c) of the Federal Rules of Civil Procedure.

11      5.3    Inadvertent Failure to Designate.  If timely corrected, an inadvertent

12  failure to designate qualified INFORMATION or items does not, standing alone,

13  waive the DESIGNATING PARTY's right to secure protection under this

14  PROTECTIVE ORDER for such material. If a DESIGNATING PARTY

15  inadvertently fails to designate material which, in good faith, might otherwise be

16  deemed CONFIDENTIAL, that DESIGNATING PARTY shall provide written

17  notice of such designation within a reasonable time of discovering the inadvertent

18  failure to so designate the material as CONFIDENTIAL.  Any RECEIVING

19  PARTY who objects to the late designation must do so in writing within seven (7)

20  days of the late designation.  In the absence of such an objection, the late

21  designation shall be deemed timely and treated as if made within the time(s) set

22  forth above.  Upon timely assertion or correction of a designation, all recipients

23  must make reasonable efforts to ensure that the materials are treated according to

24  this PROTECTIVE ORDER.

25  **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

26      6.1    Timing of Challenges.  Any PARTY or NON-PARTY may challenge a

27  designation of confidentiality at any time. Unless an immediate challenge to a

28  DESIGNATING PARTY's confidentiality designation is necessary to avoid

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   foreseeable, substantial unfairness, unnecessary economic burdens, or a significant
2   disruption or delay of the litigation, a PARTY does not waive its right to challenge a
3   confidentiality designation by electing not to mount a challenge promptly after the
4   original designation is DISCLOSED.

5         6.2   <u>Meet and Confer</u>.  The CHALLENGING PARTY shall initiate the
6   dispute resolution process by providing written notice of each designation it is
7   challenging and describing the basis for each challenge. To avoid ambiguity as to
8   whether a challenge has been made, the written notice must recite that the challenge
9   to confidentiality is being made in accordance with this specific paragraph of the
10  PROTECTIVE ORDER. The PARTIES shall attempt to resolve each challenge in
11  good faith and must begin the process by conferring directly (in a verbal dialogue;
12  other forms of communication are not sufficient) within fourteen (14) days of the
13  date of service of notice. In conferring, the CHALLENGING PARTY must explain
14  the basis for its belief that the confidentiality designation was not proper and must
15  give the DESIGNATING PARTY an opportunity to review the designated material,
16  to reconsider the circumstances, and, if no change in designation is offered, to
17  explain the basis for the chosen designation. A CHALLENGING PARTY may
18  proceed to the next stage of the challenge process only if it has engaged in this meet
19  and confer process first or establishes that the DESIGNATING PARTY is unwilling
20  to participate in the meet and confer process in a timely manner.

21        6.3   <u>Joint Statement</u>.  If the PARTIES cannot resolve a challenge without
22  court intervention, the CHALLENGING PARTY shall submit a challenge to the
23  COURT via joint stipulation pursuant to Local Rule 251(c). The burden of
24  persuasion in any such challenge proceeding shall be on the DESIGNATING
25  PARTY. Unless the DESIGNATING PARTY has expressly waived the
26  confidentiality designation, all PARTIES shall continue to afford the material in
27  question the level of protection to which it is entitled under the PRODUCING
28  PARTY's designation until the COURT rules on the challenge.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13
[PROPOSED] STIPULATED PROTECTIVE ORDER

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A RECEIVING PARTY may use PROTECTED MATERIAL that is DISCLOSED or produced by another PARTY or by a NON-PARTY in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such PROTECTED MATERIAL may be DISCLOSED only to the categories of persons and under the conditions described in this PROTECTIVE ORDER. When the litigation has been terminated, a RECEIVING PARTY must comply with the provisions of section 12.4 below regarding final disposition.

PROTECTED MATERIAL must be stored and maintained by a RECEIVING PARTY at a location and in a secure manner that ensures that access is limited to the persons authorized under this PROTECTIVE ORDER.

7.2    **DISCLOSURE of PROTECTED MATERIAL**. Unless otherwise ordered by the COURT or permitted in writing by the DESIGNATING PARTY, a RECEIVING PARTY may DISCLOSE any INFORMATION or item designated "CONFIDENTIAL" only to:

(a)    the RECEIVING PARTY's OUTSIDE COUNSEL OF RECORD, as well as employees of said OUTSIDE COUNSEL OF RECORD to whom it is reasonably necessary to DISCLOSE the INFORMATION for this ACTION;

(b)    the officers, directors, and employees (including IN-HOUSE COUNSEL) of the RECEIVING PARTY to whom DISCLOSURE is reasonably necessary for this ACTION or who access the INFORMATION in the ordinary course of business;

(c)    EXPERTS (as defined in this PROTECTIVE ORDER) of the RECEIVING PARTY to whom DISCLOSURE is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

14
[PROPOSED] STIPULATED PROTECTIVE ORDER

(d)     the COURT and its personnel;

(e)     court reporters in this PROCEEDING, to whom DISCLOSURE is reasonably necessary for this ACTION;

(f)     professional jury or trial consultants, mock jurors, and PROFESSIONAL VENDORS to whom DISCLOSURE is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, NON-PARTY witnesses in the ACTION to whom DISCLOSURE is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the DESIGNATING PARTY or ordered by the COURT. Pages of transcribed deposition TESTIMONY or exhibits to depositions that reveal PROTECTED MATERIAL must be separately bound by the court reporter and may not be DISCLOSED to anyone except as permitted under this PROTECTIVE ORDER;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information prior to its designation as CONFIDENTIAL;

(i)     a PARTY's auditors, regulators, or reinsurers in connection with that PARTY's regular business practices.

## VIII. <u>PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED PRODUCED IN OTHER LITIGATION</u>

8.1     If a PARTY is served with a subpoena or a court order issued in other litigation that compels DISCLOSURE of any PROTECTED MATERIAL, that PARTY must:

(a)     promptly notify in writing the DESIGNATING PARTY. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the PARTY who caused the subpoena

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this PROTECTIVE ORDER. Such notification shall include a copy of this PROTECTIVE ORDER; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the DESIGNATING PARTY whose PROTECTED MATERIAL may be affected.

8.2     If the DESIGNATING PARTY timely seeks a protective order, the PARTY served with the subpoena or court order shall not produce PROTECTED MATERIAL before a determination by the COURT from which the subpoena or order issued, unless the PARTY has obtained the DESIGNATING PARTY's permission. The DESIGNATING PARTY shall bear the burden and expense of seeking protection in that court of its PROTECTED MATERIAL – and nothing in these provisions should be construed as authorizing or encouraging a RECEIVING PARTY in this ACTION to disobey a lawful directive from another court.

## IX. PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1     The terms of this PROTECTIVE ORDER are applicable to DOCUMENTS, INFORMATION or TESTIMONY produced by a NON-PARTY and designated as "CONFIDENTIAL." Such DOCUMENTS, INFORMATION or TESTIMONY are protected by the remedies and relief provided by this PROTECTIVE ORDER. Nothing in these provisions should be construed as prohibiting a NON-PARTY from seeking additional protections.

9.2     If a PARTY is required, by a valid discovery request, to produce a NON-PARTY's CONFIDENTIAL DOCUMENTS, INFORMATION or TESTIMONY in its possession, the PARTY shall:

(a)     promptly notify in writing the REQUESTING PARTY and the NON-PARTY that some or all of the DOCUMENTS, INFORMATION or TESTIMONY requested are subject to a confidentiality agreement with a NON-

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16
[PROPOSED] STIPULATED PROTECTIVE ORDER

PARTY;

(b)    promptly provide the NON-PARTY with a copy of the PROTECTIVE ORDER in this ACTION, the relevant discovery request(s), and a reasonably specific description of the DOCUMENTS, INFORMATION or TESTIMONY requested; and

(c)    make the DOCUMENTS, INFORMATION or TESTIMONY requested available for inspection by the NON-PARTY.

9.3    If the NON-PARTY fails to object or seek a protective order from this COURT within fourteen (14) days of receiving the notice and accompanying DOCUMENTS, INFORMATION or TESTIMONY, the RECEIVING PARTY may produce the NON-PARTY's CONFIDENTIAL DOCUMENTS, INFORMATION or TESTIMONY responsive to the discovery request. If the NON-PARTY timely seeks a protective order, the RECEIVING PARTY shall not produce any information in its possession or control that is subject to the confidentiality agreement with the NON-PARTY before a determination by the COURT.  Absent a court order to the contrary, the NON-PARTY shall bear the burden and expense of seeking protection in this COURT of its PROTECTED MATERIAL.

## X.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has DISCLOSED PROTECTED MATERIAL to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the RECEIVING PARTY must immediately (a) notify in writing the PRODUCING PARTY and the DESIGNATING PARTY (if not the same party) of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the PROTECTED MATERIAL, (c) inform the person or persons to whom unauthorized DISCLOSURES were made of all the terms of this PROTECTIVE ORDER, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.  <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a PRODUCING PARTY gives notice to RECEIVING PARTIES that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the RECEIVING PARTIES are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the PARTIES reach an agreement on the effect of DISCLOSURE of a communication or information covered by the attorney-client privilege or work product protection, the PARTIES may incorporate their agreement in the stipulated protective order submitted to the COURT.

## XII.  <u>MISCELLANEOUS</u>

12.1  <u>Right to Further Relief</u>. Nothing in this PROTECTIVE ORDER abridges the right of any person to seek its modification by the COURT in the future.

12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this PROTECTIVE ORDER no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this PROTECTIVE ORDER. Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this PROTECTIVE ORDER.

12.3  <u>Filing PROTECTED MATERIAL</u>. Without written permission from the DESIGNATING PARTY or a court order secured after appropriate notice to all interested persons, a PARTY may not file in the public record in this ACTION any PROTECTED MATERIAL. A PARTY that seeks to file under seal any PROTECTED MATERIAL must follow the procedure set forth in Local Rule 141. PROTECTED MATERIAL may only be filed under seal pursuant to a court order

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18

[PROPOSED] STIPULATED PROTECTIVE ORDER

authorizing the sealing of the specific PROTECTED MATERIAL at issue. The fact that a document has been designated under this PROTECTIVE ORDER is insufficient to justify filing under seal.  Instead, PARTIES must explain the basis for confidentiality of each document sought to be filed under seal.  Because a PARTY other than the DESIGNATING PARTY will often be seeking to file PROTECTED MATERIAL, cooperation among the PARTIES in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a RECEIVING PARTY's request to file PROTECTED MATERIAL under seal pursuant to Local Rule 141 is denied by the COURT, then the RECEIVING PARTY may file the material in the public record unless (1) the DESIGNATING PARTY seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the COURT.  Notwithstanding the above, the filing PARTY shall, in good faith, refrain from drawing public attention to the COURT filing of information formerly designated as CONFIDENTIAL so long as the original designation was made in good faith.

12.4   <u>Storage of Protected Information by RECEIVING PARTY</u>. The recipient of any PROTECTED MATERIAL provided under this PROTECTIVE ORDER (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

12.5   <u>Final Disposition</u>. Within sixty (60) days after the final disposition of this ACTION, each RECEIVING PARTY must return all PROTECTED MATERIAL to the PRODUCING PARTY or make a good faith effort to destroy such material. As used in this subdivision, "all PROTECTED MATERIAL" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the PROTECTED MATERIAL. Whether the PROTECTED MATERIAL is returned or destroyed, the RECEIVING PARTY must submit a written certification to the PRODUCING PARTY (and, if not the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19

[PROPOSED] STIPULATED PROTECTIVE ORDER

same person or entity, to the DESIGNATING PARTY) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the PROTECTED MATERIAL that was returned or destroyed and (2) affirms that the RECEIVING PARTY has not intentionally retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the PROTECTED MATERIAL. Notwithstanding the foregoing portion of this Section, (1) COUNSEL are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, email, deposition and trial exhibits, EXPERT reports, attorney work product, and consultant and EXPERT work product, even if such materials contain PROTECTED MATERIAL; and (2) the undersigned PARTIES may retain any PROTECTED MATERIAL to the extent necessary pursuant to legal requirements, professional duties or bona fide document retention policies, provided however that the PARTIES shall continue to be bound by the terms of this PROTECTIVE ORDER for such time period as they retain such PROTECTED  MATERIAL. Any such archival copies or retained DOCUMENTS that contain or constitute PROTECTED MATERIAL remain subject to this PROTECTIVE ORDER as set forth in Section 4.2 regarding duration.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 26, 2022                    McCLOSKEY, WARING, WAISMAN & DRURY LLP

By: /s/ Sonia S. Waisman (as approved 1/13/22)

1
2

Sonia S. Waisman
Attorneys for Plaintiff St. Paul Fire and Marine
Insurance Company

3
4

Dated:  January 26, 2022

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

5
6

By: /s/ James P. Wagoner

7
8
9

James P. Wagoner
Kevin D. Hansen
Brandon M. Fish
Attorneys for Plaintiff New York Marine and
General Insurance Company

10
11
12
13
14

Dated:  January 26, 2022

NEMECEK & COLE, a PC

15
16

By: /s/Matthew J. Hafey (as approved 1/26/22)

17

Matthew J. Hafey
Attorneys for Defendant Kinsale Insurance
Company

18
19
20

Dated:  January 26, 2022

PLEDGER LAW, PC

21
22

By:  /s/Jean M. Pledger (as approved 1/13/22)

23
24

Jean M. Pledger
Attorneys for Real PARTIES in Interest TRC
Operating Company, Inc. and TRC Cypress
Group, LLC

25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

21
[PROPOSED] STIPULATED PROTECTIVE ORDER

## ORDER

Pursuant to the above stipulation of the PARTIES and good cause showing, the Court adopts the stipulated protective order.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).

Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated:   **February 10, 2022**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22
[PROPOSED] STIPULATED PROTECTIVE ORDER