1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
   Kevin D. Hansen, #119831
3  Brandon M. Fish, #203880
   7647 North Fresno Street
4  Fresno, California 93720
   Telephone:  (559) 433-1300
5  Facsimile:   (559) 433-2300

6  Attorneys for Plaintiff New York Marine
   and General Insurance Company
7

8                     UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 | ST. PAUL FIRE AND MARINE | Case No. 1:20-cv-00967-JLT-BAK
   | INSURANCE COMPANY,        | (BAM)
12 |                            |
   |         Plaintiff,         | Consolidated With Case No. 1:20-cv-
13 |                            | 01085-NONE-JLT
   | KINSALE INSURANCE COMPANY, |
14 |                            | **EX PARTE APPLICATION TO
   |         Defendant.         | EXTEND TIME TO FILE JOINT
15 |                            | STATUS REPORT;
   |                            | DECLARATION OF MATTHEW J.
16 |                            | HAFEY; DECLARATION OF
   |                            | JAMES P. WAGONER; ORDER**
17 |                            |
   | NEW YORK MARINE AND        | Hon. Jennifer L. Thurston
18 | GENERAL INSURANCE COMPANY, | Hon. Judge Barbara A. Mcauliffe
   | a Delaware corporation,    |
19 |                            | Complaint Filed: August 5, 2020
   |         Plaintiff,         | Trial Date:         None
20 |                            |
   |         v.                 |
21 |                            |
   | KINSALE INSURANCE COMPANY, |
22 | an Arkansas corporation,   |
23 |         Defendant.         |
24 |                            |
   | TRC OPERATING COMPANY, INC.,|
25 | a California corporation, TRC|
   | CYPRESS GROUP, LLC, a California|
26 | Limited Liability Company, |
27 |    Real Parties in Interest.|
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

EX PARTE APPLICATION TO EXTEND TIME TO FILE JOINT STATUS REPORT; HAFEY DECL.;
WAGONER DECL.; [PROPOSED] ORDER

Pursuant to the Court's November 12, 2021 Order (Doc. 24), the Parties were required to file a Joint Status Report within 120 days from the date of that Order, which would have been March 12, 2022.

On February 21, 2022, Matthew J. Hafey, counsel of record for Kinsale, switched law firms from Nemecek & Cole to Nicolaides, Fink, Thorpe, Michaelides, Sullivan LLP ("Nicolaides"). Hafey Decl., ¶ 2. Ms. Berube, the other attorney at Nemecek & Cole who is of record in this action, is no longer with the firm. *Id.* There are no other attorneys at Nemecek & Cole who are familiar with this file. *Id.* Shortly after joining the Nicolaides firm, Mr. Hafey discovered a potential conflict of interest which he diligently attempted to resolve. Hafey Decl., ¶ 3.

On March 10, 2022, New York Marine and General Insurance Company ("New York Marine") filed an Ex Parte Application to extend the March 12, 2022 deadline to file the Joint Status Report to March 25, 2022 due to the recent change of law firms affiliation of Kinsale Insurance Company's ("Kinsale") counsel of record and his consequent inability to obtain a Substitution of Attorneys in time to file the required Joint Status Report by March 12, 2022. (Doc. 33.) By Order dated March 14, 2022 (Doc. 34), the Court granted the Ex Parte Application. The Parties filed a second Ex Parte Application on March 23, 2022 which requested that the deadline to file the Joint Status Report again be extended from March 25, 2022 to April 8, 2022. (Doc. 35.) The Court granted this second Ex Parte Application by Order dated March 24, 2022. (Doc. 36.)

When New York Marine filed its Ex Parte Applications on March 10 and 23, 2022, Mr. Hafey believed that a final decision as to whether the conflict could be resolved and he would remain counsel of record was expected to be made in the ten days subsequent to the filing of each Application. Hafey Decl., ¶¶ 3-5. Mr. Hafey was unfortunately further delayed by the death of a close family member which required travel to the East Coast. *Id*. ¶ 5. After his return, he determined that the conflict could not be resolved. *Id*. ¶ 6. As a result, on April 5, 2022, Mr. Hafey

2

EX PARTE APPLICATION TO EXTEND TIME TO FILE JOINT STATUS REPORT; HAFEY DECL.; WAGONER DECL.; ORDER

informed counsel for New York Marine, St. Paul Fire and Marine Insurance Company ("St. Paul"), TRC Operating Company, Inc. and TRC Cypress Group, LLP (collectively "TRC") that the Nicolaides firm has a conflict of interest which, despite his diligent efforts to resolve, could not be reconciled. *Id.* Therefore, the Nicolaides firm is not able to substitute in as counsel of record for Kinsale in this action. Hafey Decl., ¶ 6.

Because of the conflict, since moving to the Nicolaides firm, neither Mr. Hafey nor any other counsel for Kinsale have been able to "meet and confer" with counsel for New York Marine, St. Paul and TRC regarding the contents of that Joint Status Report in time for that Report to be filed by April 8, 2022 pursuant to the Court's Orders of November 12, 2021 (Doc. 24), March 14, 2022 (Doc. 34) and March 24, 2022 (Doc. 36). Hafey Decl., ¶ 8.

In particular, the Joint Status Report is anticipated to address the issue of whether the stay previously imposed by the Court should be lifted. Kinsale, New York Marine, St. Paul and TRC have differing views on this subject which needs to be reported to the Court. Mr. Hafey felt that it was not appropriate for him to advocate Kinsale's position without first substituting the Nicolaides firm in as counsel which, as explained above, is not possible at this time. Mr. Hafey further advised that Kinsale is in the process of retaining new counsel, that it anticipates being able to retain new counsel this week, but that it may not be able to do so in time to allow the Parties to meet and confer regarding the Joint Status Report in time to have that Report filed by the April 8, 2022 deadline. Hafey Decl., ¶¶ 7, 9.

New York Marine hereby requests, ex parte, that the April 8, 2022 deadline to file the Joint Status Report further be extended to April 22, 2022 because Kinsale's counsel of record advised on April 5, 2022 that his new firm has a conflict of interest which cannot be resolved and that, therefore, Kinsale is now attempting to obtain new counsel to represent it in this action.

In light of Kinsale retaining new counsel and therefore counsel for Kinsale

being unavailable to "meet and confer" regarding the contents of the Joint Status Report to be filed by the parties, New York Marine on behalf of all parties requests an extension from April 8, 2022 to April 22, 2022 to file the Joint Status Report pursuant to the Court's Orders of November 12, 2021 (Doc. 24), March 14, 2022 (Doc. 34) and March 22, 2022 (Doc. 36).  No parties oppose this Ex Parte Application. Wagoner Decl., ¶ 8.

Dated:  April 6, 2022                         McCORMICK, BARSTOW, SHEPPARD,
                                              WAYTE & CARRUTH LLP


                                              By:         */s/ James P. Wagoner*
                                                        James P. Wagoner
                                                        Kevin D. Hansen
                                                        Brandon M. Fish
                                              Attorneys for Plaintiff New York Marine and
                                                    General Insurance Company

## DECLARATION OF MATTHEW J. HAFEY

I, Matthew J. Hafey, declare as follows:

1. I am a partner with the law firm Nicolaides, Fink, Thorpe, Michaelides, Sullivan LLP ("Nicolaides"). I am a member in good standing of the State Bar of California, and am admitted to the practice before the above-entitled Court. The following facts are based upon my personal knowledge. If called as a witness I could and would testify competently to these facts under oath.

2. Until February 18, 2022, I was a member of the law firm of Nemecek & Cole, counsel of record for defendant Kinsale Insurance Company ("Kinsale"). I began my position at Nicolaides on February 21, 2022. While at Nemecek & Cole, I was lead counsel for Kinsale in this action. My associate, Bevin Berube, was also counsel of record. Ms. Berube left the firm in 2021. There are no other attorneys at Nemecek & Cole who are familiar with this file at this time.

3. After I moved to the Nicolaides firm, I discovered a potential conflict of interest which, out of an abundance of caution, would have prevented Kinsale from substituting the Nicolaides firm in as counsel of record. Although we made diligent attempts to request waivers of the potential conflict, we have not been able to secure such waivers, which will in turn require Kinsale to retain new counsel to represent it in this litigation.

4. When New York Marine and General Insurance Company ("New York Marine") filed its initial Ex Parte Application on March 10, 2022, I had expected that a decision would be made on the conflict waiver issue in the subsequent ten days such that either Kinsale would retain the Nicolaides firm or other counsel and that a Substitution of Attorney would be filed within that time.

5. On March 18, 2022, I had to take family leave due to the serious terminal illness of a close family member, which required travel to Connecticut. The family member passed away on March 22, 2022 and a funeral was held on March 25, 2022. As a result, I was unable to make any further progress to seek the conflict waiver, and

again asked New York Marine to file a second Ex Parte Application on March 23, 2022. At that time, I had expected that a decision would be made in the ten days subsequent to the second Application as to whether Kinsale would retain the Nicolaides firm or other counsel and that a Substitution of Attorney would be filed within that time.

6. Upon my return from the East Coast, I followed up on the waiver issue and determined that the conflict could not be resolved to the satisfaction of Nicolaides' clients. As a result, on April 5, 2022, I informed counsel for New York Marine, St. Paul Fire and Marine Insurance Company ("St. Paul"), TRC Operating Company, Inc. and TRC Cypress Group, LLP (collectively "TRC") that the Nicolaides firm was unable to resolve the conflict of interest. For this reason, I informed counsel that Kinsale is actively in the process of looking for new counsel, but due to the complex insurance issues involved in this case and the number of different insurance relationships involved, such new counsel might not be able to be retained in time for new counsel to review the file, get up to speed, "meet and confer" regarding the Joint Status Report, and provide substantive additions to the report.

7. In particular, the Joint Status Report is anticipated to address the issue of whether the stay previously imposed by the Court should be lifted. It is my understanding that Kinsale, New York Marine, St. Paul Fire and Marine Insurance Company and TRC all have differing views on this subject which needs to be reported to the Court. I felt that it was not appropriate for me to advocate Kinsale's position without first substituting the Nicolaides firm in as counsel which, as explained above, is not possible at this time.

8. As a result, neither I nor any other counsel have been able to "meet and confer" with counsel for New York Marine, St. Paul Fire and TRC regarding the contents of that Joint Status Report in time for that Report to be filed by April 8, 2022 pursuant to the Court's Orders of November 12, 2021 (Doc. 24), March 14, 2022 (Doc. 34) and March 24, 2022 (Doc. 36).

9. I anticipate that Kinsale will be retaining new counsel within the next ten days and that such new counsel will be able to "meet and confer" regarding the contents of that Joint Status Report, such that it can be filed by Friday, April 22, 2022. I apologize to the Court and counsel for the delay and thank the Court for its indulgence with regard to this matter.

I declare under penalty of perjury under that the foregoing is true and correct.

This this Declaration was executed by me on April 6, 2022 at Sherman Oaks, California.

/s/ Matthew J. Hafey (as approved 4/6/2022)
Matthew J. Hafey

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

EX PARTE APPLICATION TO EXTEND TIME TO FILE JOINT STATUS REPORT; HAFEY DECL.; WAGONER DECL.; ORDER

# DECLARATION OF JAMES P. WAGONER

I, James P. Wagoner, declare as follows:

1. I am a member of the law firm McCormick, Barstow, Sheppard, Wayte & Carruth LLP, counsel herein for Plaintiff New York Marine and General Insurance Company ("New York Marine"). I am a member in good standing of the State Bar of California, and am admitted to the practice before the above-entitled Court. The following facts are based upon my personal knowledge. If called as a witness I could and would testify competently to these facts under oath.

2. By Order dated November 12, 2021 (Doc. 24), the Court stayed this action and ordered the parties to file a Joint Status Report within 120 days from the date of the Order, which is March 12, 2022.

3. On March 9, 2022, I received an email from Matthew Hafey advising that he was unable to "meet and confer" regarding the contents of the Joint Status Report because he had been unable to obtain an executed Substitution of Attorney from his former firm, Nemecek & Cole. At that time, Mr. Hafey advised that he believed that he would have the executed Substitution of Attorney within the next ten days and that he or another attorney would be in a position to "meet and confer" regarding the Joint Status Report in time to have it filed by March 25, 2022.

4. On March 10, 2022, New York Marine filed an Ex Parte Application to extend the deadline to file the Joint Status Report from March 12, 2022 to March 25, 2022 (Doc. 33). The Court granted this extension by Order dated March 14, 2022 (Doc. 34).

5. On March 22, 2022, I received an email from Mr. Hafey advising that he was unable to "meet and confer" regarding the contents of the Joint Status Report because his mother-in-law had recently passed away, an event which required that he travel to Connecticut for the week of March 21, 2022 to handle funeral arrangements. Mr. Hafey requested another two weeks in order to handle those family matters and to obtain the executed Substitution of Attorney.

6. On March 23, 2022, New York Marine filed a second Ex Parte Application to extend the deadline to file the Joint Status Report from March 25, 2022 to April 8, 2022 (Doc. 35). The Court granted this extension by Order dated March 24, 2022 (Doc. 36).

7. On April 5, 2022, I received an email from Mr. Hafey advising that the Nicolaides firm had a conflict of interest which could not be resolved and that as a result, Kinsale was in the process of retaining new counsel to represent it in this action. Mr. Hafey advised that Kinsale hopes to have new counsel retained this week, but new counsel may not be retained in time to allow the parties to "meet and confer" regarding the Joint Status Report in order to file such Report by April 8, 2022.

8. By emails dated April 6, 2022, counsel for St. Paul Fire and Marine Insurance Company, TRC Operating Company, Inc. and TRC Cypress Group, LLP advised that they do not oppose this Ex Parte Application.

I declare under penalty of perjury under that the foregoing is true and correct. This this Declaration was executed by me on April 6, 2022 in Fresno, California.

*/s/ James P. Wagoner*
    James P. Wagoner

# ORDER

The Court, having reviewed the Ex Parte Application to Extend Time to File Joint Status Report and the Supporting Declarations of Matthew J. Hafey and James P. Wagoner, and good cause showing, HEREBY ORDERS as follows:

1. The time for the Parties to file their Joint Status Report pursuant to the Orders dated November 12, 2021, March 14, 2022 and March 24, 2022 is extended from April 8, 2022 to April 22, 2022.
2. The parties are advised that if any further extension is requested the Court will set a status conference to discuss the issue of representation of Defendant Kinsale Insurance Company.

IT IS SO ORDERED.

Dated: **April 8, 2022**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

83249