UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>KINSALE INSURANCE COMPANY,<br><br>      Defendant. | Case No. 1:20-cv-00967-JLT-BAK<br><br>ORDER REGARDING STATUS CONFERENCE |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>KINSALE INSURANCE COMPANY,<br><br>      Defendant. | |
| TRC OPERATING COMPANY, INC., et al.,<br><br>      Real Parties in Interest. | |

*///*

*///*

1

**I.     BACKGROUND**

**Consolidation and Scheduling**

On July 10, 2020, Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") filed a complaint alleging claims against Defendant Kinsale Insurance Company ("Defendant") arising out of Defendant's denial of coverage and failure to defend real parties in interest TRC Operating Company, Inc. and TRC Cypress Group, LLC (the "TRC Entities") in *TRC Operating Co. v. Chevron,* Kern County Case No. S-1500-CV-282520 DRL ("*TRC v. Chevron*"). (ECF No. 1.) On August 5, 2020, Plaintiff New York Marine and General Insurance Company ("New York Marine") filed a complaint against Defendant in *New York Marine and General Insurance Company v. Kinsale Insurance Company,* Case No. 1:20-cv-01085-NONE-JLT, involving the same or similar causes of action, parties, and underlying events. (*See* ECF No. 11.) The cases filed by St. Paul and new York Marine were consolidated on February 2, 2021. (ECF Nos. 11, 12.)

On October 8, 2020, Magistrate Judge Jennifer L. Thurston[1] issued a Scheduling Order in this case. (ECF No. 9.) On July 28, 2021, pursuant to the parties' stipulation, Judge Thurston modified the Scheduling Order and extended the deadlines for non-expert discovery, expert discovery, dispositive motions, and the pretrial conference by 120 days due to the upcoming trial in the underlying matter, *TRC v. Chevron,* as well as delays caused by the COVID-19 pandemic. (ECF Nos. 16, 17.)

**Stay of Case**

On October 28, 2021, District Judge Dale A. Drozd issued an order of clarification explaining that he was unable to address matters in his civil cases or in civil cases with an "Unassigned" or "NONE" district judge designation[2] due to the ongoing judicial emergency in this District. (ECF No. 2l.) Judge Drozd's clarification order noted that magistrate judges

---

[1] Judge Thurston was subsequently elevated to the position of U.S. District Judge. (ECF No. 25.) This action was initially temporarily referred to Magistrate Judge Barbara A. McAuliffe, but on June 3, 2022 Judge McAuliffe entered an order of recusal and the matter was temporarily referred to the undersigned. (*Id.*; ECF Nos. 50, 51.)

[2] Prior to Judge Thurston's elevation to U.S. District Judge, this case's district judge designation was "Unassigned" or "NONE". (*See* ECF No. 21.)

2

assigned to his cases could, in their discretion, stay discovery and other proceedings or to allow proceedings that do not require district judge attention to move forward. (*Id.*)

On November 11, 2021, the parties filed a further stipulation explaining that the trial in the *TRC v. Chevron* had commenced on August 2, 2021, the jury returned a verdict for the TRC Entities, and judgment was entered on October 26, 2021. (ECF No. 23 at 4-5.) However, the court in *TRC v. Chevron* granted a motion for new trial and vacated the judgment, which the TRC Entities planned to appeal. (*Id.*)

The parties further cited to District Judge Drozd's October 8, 2021 clarification order, including the portion addressing staying proceedings. (ECF No. 23 at 5.) According to the stipulation, "[i]n light of the Order of Clarification, this case may not be in a position to move forward, apart from discovery, towards complete resolution" and "the deadlines currently set forth in the Scheduling Order are no longer realistic and should be extended." (ECF No. 23 at 5-6.) Additionally:

> WHEREAS, St. Paul and New York Marine believe that both certain coverage issues presented in this action and the damages claimed by St. Paul and New York Marine will be materially affected by the outcome of *TRC v. Chevron* including the appeal and therefore will not be capable of final determination by the Court until there is either a judgment in *TRC v. Chevron* following the new trial, the October 26, 2021 Judgment in that action is reinstated, or that action is otherwise resolved;
> WHEREAS, significant discovery will need to be undertaken in this action after the pending new trial in *TRC v. Chevron* (unless the order for new trial is reversed), including review and analysis of the trial transcript thereof, the evidence presented, the damages being claimed, the verdict reached by the jury, if any, and the judgment, if any, which cannot be completed under the existing deadlines set forth in the Scheduling Order;
> WHEREAS, the Parties believe that discovery in this action cannot be fully completed until at least after resolution of the appeal of the October 26, 2021 Order granting a new trial in *TRC v. Chevron*;

(*Id.* at 6.) Based on these issues, as well as renewed concerns regarding the COVID-19 pandemic, the parties stipulated and requested that either: 1) "[a]ll dates in the Scheduling Order . . . be extended to dates to be determined after the resolution of the appeal in *TRC v. Chevron* and after the pending new trial, if any, in that action" or, alternatively, 2) all dates in the Scheduling Order be extended by at least 120 days. (*Id.* at 6-7.)

New York Marine's counsel, James P. Wagoner, also submitted a declaration in support

3

of the stipulation stating that "[t]he completion of discovery in this action is dependent on issues and evidence presented during the trial of *TRC v. Chevron*" and, specifically, Defendant had propounded discovery in this case which sought information subject to a protective order in *TRC v. Chevron.* (ECF No. 23-1 at 6.) Furthermore:

> St. Paul and New York Marine believe both that certain coverage issues presented in this Consolidated Action and the damages claimed by St. Paul and New York Marine will be materially affected by the outcome of TRC v. Chevron, including the appeal, and therefore this action will not be capable of final determination by the Court until there is either a judgment in *TRC v. Chevron* following the new trial, the October 26, 2021 Judgment in that action is reinstated, or that action is otherwise resolved.

(*Id.* at 7.) While dispositive motions could potentially be filed regarding the duty to defend, "total damages (and dollar value of the contribution claims herein) will not be subject to a final determination until resolution of the *TRC v. Chevron* lawsuit." (*Id.*) Any award of damages on retrial would create "significant issues as to whether any of those damages are covered under any of the insurance policies at issue in this lawsuit, the amount of those damages, and/or the allocation of those damages among the insurers. Therefore, it will not be possible for St. Paul and New York Marine to bring this action to trial until the appeal process, and potentially the retrial of *TRC v. Chevron* is completed." (*Id.*)

On November 12, 2021, based on the parties' stipulation, Judge Thurston entered an order staying the case. (ECF No. 24.) The order further directed the parties to file a joint report within 120 days and every 60 days thereafter. (*Id.*)

**Status Reports Re: Lifting Stay**

On March 10, March 23, April 6, and April 22, 2022, New York Marine filed ex parte applications requesting to extend the deadline for the parties to file their joint report regarding the stay. (ECF Nos. 33-39.) The basis for each of these requests was generally that Defendant's counsel had left his law firm and was unable to meet and confer regarding the contents of the report. (*Id.*) Additionally, the April 6 and April 22, 2022 motions indicated that the parties disagreed regarding whether the case should remain stayed. (*Id.*)

Following New York Marine's April 22, 2022 ex parte motion, Magistrate Judge Barbara A. McAuliffe set a status conference to discuss Defendant's representation. (ECF No. 40.) At the

4

1 conference, Judge McAuliffe directed the parties to file a status report no longer than three pages
2 in length by June 2, 2022, addressing their respective positions on whether the stay should be
3 lifted. (ECF No. 44.)
4       On June 1, 2022, Defendant filed its status report regarding the stay. (ECF No. 48.)
5 Defendant's position is that this case should remain stayed until the appeal in *TRC v. Chevron* is
6 resolved because the same considerations still exist as when the case was initially stayed. (*Id.* at
7 2-4.) Additionally, the Court could only "render an advisory opinion as to the existence of the
8 duty to defend [and] would be unable to render an actual judgment, since complete relief cannot
9 be afforded until the underlying action has been concluded and the alleged reasonable cost of the
10 defense is calculable." (*Id.* at 4.)
11       On June 2, 2022, St. Paul, New York Marine, and the TRC Entities filed a joint status
12 report indicating that they believe the stay should be lifted. (ECF No. 49.) According to these
13 parties, the first reason why the parties entered into their stipulation, *i.e.* the absence of a district
14 judge, no longer exists due to the elevation of Judge Thurston to the U.S. District Judge position.
15 (*Id.* at 2-3.) Further, although the appeal in *TRC v. Chevron* is still pending, the issue of whether
16 Defendant owes a duty to defend can be litigated and "does not depend on the issues pending in
17 that action." (*Id.* at 3.) The inquiry of whether Defendant had a duty to defend the TRC Entities
18 depends on "those facts known by the insurer at the inception of a third party lawsuit" and
19 therefore the status of *TRC v. Chevron* is not relevant to this determination. (*Id.*)
20       The Court held a status conference with the parties on June 8, 2022. Sonia Waisman
21 appeared telephonically on behalf of St. Paul. Brandon Fish and James Wagoner appeared
22 telephonically on behalf of New York Marine. Robert Pohls, Robert Romero, and Jess West
23 appeared telephonically on behalf of Defendant. Jean Pledger appeared telephonically on behalf
24 of the TRC Entities. (ECF No. 53.) Following the hearing, the Court took the matter under
25 advisement.
26 ///
27 ///
28 ///

## II.     DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis,* 299 U.S. at 254.

The corollary to this power is the ability to lift a stay previously imposed. *Boyle v. Cty. of Kern*, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008). The court may lift the stay where doing so will "provide for the prompt and efficient determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When considering whether to maintain a stay, the Court should determine whether "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Ontiveros v. Zamora*, 2012 WL 13042504, at *3 (E.D. Cal. July 26, 2012) (quoting *Leyva,* 593 F.2d at 863.)

The Court declines to lift the stay at this time, without prejudice to any party filing a formal motion.  Based only on the status reports and discussion at the status conference, the Court cannot conclude that lifting the stay pending resolution of the appeal in *TRC v. Chevron* is the most efficient and fairest course for proceeding with this case. St. Paul, New York Marine, and the TRC Entities have not adequately addressed why the circumstances favoring a stay at the time of the parties' November 11, 2021 stipulation are no longer present.[3] For example, New York Marine's counsel previously filed a declaration in support of the parties' stipulation stating that the duty to defend issue could not be discretely resolved due to "significant issues" related to damages that would "not be possible" to resolve until the *TRC v. Chevron* appeal is complete. (ECF No. 23-1 at 7.) New York Marine, St. Paul, and the TRC Entities now argue that the duty to defend can be litigated regardless of the status of the *TRC v. Chevron* appeal, but do not explain why the issues related to damages are no longer pertinent.

---

[3] At the June 8, 2022 status conference, New York Marine's counsel disputed that they had previously requested a stay of the entire case. However, the language of the stipulation and of Mr. Wagoner's declaration, quoted above, clearly request such a stay.

1       It is also not clear from the status reports and conference what the parties intend if the stay is lifted.  All parties agree that judgment cannot be entered until the appeal and any retrial has taken place.  It appears that the requesting parties wish to take some unidentified discovery and file a dispositive motion solely on the issue of the duty to defend, but the reports did not provide any proposed limits on discovery or the scope of dispositive motions.  The Court also cannot determine whether the issues regarding the duty to defend are so intertwined with the issues regarding indemnity that discovery and dispositive motions should proceed together.

The Court also notes that counsel for New York Marine repeatedly requested the opportunity to present further briefing regarding lifting the stay.

Currently, there is no motion requesting to lift the stay pending at this time. The current stay was put in place at the request of all parties.  The Court thus declines to lift the stay *sua sponte*. However, the Court's order is without prejudice to any party filing a motion to lift the stay and providing further briefing regarding the issues discussed above and at the June 8, 2022 status conference.

### III.    CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1. This case remains stayed; and
2. The parties shall file a joint report regarding the status of *TRC v. Chevron* and their positions regarding lifting the stay <u>every 120 days or no later than 14 days after the resolution of that proceeding</u>, whichever is earlier, beginning from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **June 14, 2022**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

7