UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST PAUL FIRE AND MARINE INSURANCE COMPANY, NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>KINSALE INSURANCE COMPANY,<br><br>Defendant.<br><br>TRC OPERATING COMPANY, INC., TRC CYPRESS GROUP, LLC.<br><br>Real Parties in Interest | Case No. 1:20-cv-00967-JLT-CDB<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTIONS TO LIFT STAY**<br><br>(Docs. 57, 58) |

Before the Court are New York Marine and General Insurance Company (NY Marine) and St. Paul Fire and Marine Insurance Company (St. Paul), (collectively Plaintiffs) motions to lift stay. (Docs. 57, 58). Defendant Kinsale Insurance Company (Kinsale) filed is opposition on February 1, 2023. (Doc. 59). On February 10, 2023, St. Paul and NY Marine each filed a reply to Kinsale's opposition. (Docs. 62, 63). The Court held a hearing on the motions on February 23, 2023. (Doc. 64). As set forth in more detail below, the Court concludes that the stay should be lifted for the limited purpose of permitting the parties to conduct discovery relating to and file dispositive motions on the discrete question of whether and the extent to which Kinsale owes a

duty to defend the TRC Entities.  Accordingly, the Court grants in part Plaintiffs' motions to lift stay.

## BACKGROUND

This consolidated action is a dispute between three insurance companies over their coverage of legal defense costs of TRC Operating Company, Inc. and TRC Cypress Group, LLC (the TRC Entities).  In 2014, the TRC Entities commenced a state court suit against Chevron USA, Inc. (Chevron), captioned *TRC Operating Co. v. Chevron, Kern County*, Case No. S-1500-CV-282520 DRL (the Underlying Matter) in which the TRC Entities seek damages resulting from Chevron's alleged conduct and operations on its property. (Complaint, Doc. 1, ¶ 6).  The Underlying Matter includes Chevron's crossclaims against the TRC Entities in which Chevron alleges that the TRC Entities' conduct on their property, including their use of cyclic steaming methods to harvest and extract oil, caused physical injury to Chevron's property.  (*Id*., ¶ 7)

Plaintiff insurers have and currently are paying for the TRC Entities' defense of the Underlying Matter and complain that Kinsale is not fulfilling its duty to defend TRC.  In their complaint, Plaintiffs raise claims against Kinsale for declaratory relief, equitable contribution, equitable indemnity, and subrogation. (*Id*.)  Kinsale maintains that it owes the TRC Entities no duty to defend and asserted 23 affirmative defenses in its answer to Plaintiffs' complaint. (Answer, Doc, 6, ¶¶ 33-55).  Among other things, Kinsale asserts that it is relieved of any duty to defend the TRC Entities in the Underlying Matter because of various policy exclusions.  (*Id.*, ¶ 54).  The substance of this defense is set forth in more detail in Kinsale's disclaimer of coverage notice to TRC Operating Company, dated January 22, 2018.  (Wagoner Declaration, Doc. 58-3, ¶ 15, Exhibit 4).  In that letter, Kinsale asserts that there is no coverage because the loss alleged by Chevron (1) "was not reported within the 30 days required by the Policy," and (2) is expressly excluded from coverage because it constitutes "subsidence." (*Id*. Ex. 4, p. 9).

On November 11, 2021, the parties filed a stipulation seeking modification of the case management dates in which they reported to the Court that the Underlying Matter reached a jury verdict, but a motion for new trial was granted on October 26, 2021. (Doc. 23, p. 5).  In their stipulation and supporting declaration, St. Paul and NY Marine represented that certain coverage

issues and the scope of damages in this action "will be materially affected" by the Underlying Matter.  (Doc. 23, p. 6; Doc. 23-1, p. 7).  Plaintiffs also represented that new discovery would need to be undertaken in this action after a potential new trial in the Underlying Matter.  (*Id*.)

The parties proposed in their stipulation two alternative forms of relief: (1) extending all the case management dates to an undetermined date following the resolution of the appeal of the Underlying Matter; or (2) a 120-day extension of most of the case management dates. (Doc. 23, p. 7).  On November 12, 2021, the Court issued an order that stayed the case and ordered the parties to file a joint report detailing the status of the case and whether the stay should be lifted within 120 days of the order and every 60 days thereafter.  (Doc. 24).

On June 2, 2022, the parties filed a Joint Status Report.  (Doc. 49). Plaintiffs reported that they believed that conditions had changed and the stay could be lifted because whether Kinsale owes a duty to defend the TRC Entities in this action does not depend on the facts developed in the Underlying Matter.  Plaintiffs explained, "[f]or an insurer, the existence of a duty to defend turns not upon the ultimate adjudication of coverage under its policy of insurance, but upon those facts known by the insurer at the inception of a third party lawsuit," citing *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal.4th 287, 295 (1993) (*Montrose I*).

Following a status conference with the parties, on June 15, 2022, the Court entered an order declining to lift the stay but acknowledging that the parties could file additional briefing in support of any later motion.  (Doc. 54).  The Court's decision to keep the stay in place was based in part on an inconsistency between Plaintiffs' prior assertions that this case could not be litigated until the Underlying Matter was resolved and their later representations that the stay could be lifted to permit discovery relating to and briefing of a limited summary judgment motion. (*Id*. at 6).

**STANDARD OF LAW**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "The corollary to this power is the ability to lift a stay previously imposed." *Boyle v. Cty. of Kern*, No. 1:03-cv-05162-

1  OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008). In granting and lifting stays, a
2  court must weigh "the length of the stay against the strength of the justification given for it."
3  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is
4  indefinite, [courts] require a greater showing to justify it." *Id*.

5  In considering whether to grant a stay, this court must weigh several factors, including
6  "[1] the possible damage which may result from the granting of a stay, [2] the hardship or
7  inequity which a party may suffer in being required to go forward, and [3] the orderly course of
8  justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
9  which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
10  1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be warranted in deference to ongoing,
11  parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative,
12  or arbitral in character, and does not require that the issues in such proceedings are necessarily
13  controlling of the action before the court.'" *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-
14  00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified*
15  *Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)).

16  While the *Landis* factors control a federal court's consideration of whether to maintain a
17  litigation stay, in the insurance context, federal courts take into account state law – including, in
18  California, case law under *Montrose I* – to inform the *Landis* analysis. *E.g.*, *United Specialty Ins.*
19  *Co. v. Bani Auto Grp., Inc.*, 2018 WL 52911992, *4 (N.D. Cal. Oct. 23, 2018) ("California law
20  can help inform the Court's application of the *Landis* factors").

21  **DISCUSSION**

22  The key question before the Court is whether, under *Landis*, the balance of equities
23  weighs in favor of maintaining the stay imposed by the Court in November 2021 following the
24  parties' request to continue case management dates until after resolution of the Underlying Matter
25  between the real parties in interest. The Court is mindful that where, as here, there is a pending
26  proceeding that is independent of, but related to the federal lawsuit, the Court is within its
27  discretion to impose and maintain a stay of the federal action pending resolution of the
28  independent proceeding. *See Leyva,* 593 F.2d at 863. The independent proceeding need not be

4

controlling of the federal lawsuit to be considered related. *Id.* On the other hand, "when coverage questions do not turn on the facts to be litigated in an underlying action, an insurer has a right to obtain a judicial determination as to its obligation to insureds without waiting for resolution of that action." *Gen. Ins. Co. of Am. V. INB Ins. Servs. Corp.*, 2018 WL 65992440, at *3 (N.D. Cal. Dec. 14, 2018) (internal quotations and citation omitted).

The Court has given careful consideration to the parties' arguments set forth in their briefs and during oral argument and taken note of the procedural trajectory of this litigation as well as the protracted course of proceedings (and anticipated lengthy appeal and prospect of a new trial) in the Underlying Matter. In light of this and having weighed the *Landis* factors, the Court concludes that the stay should be lifted for the limited purpose of permitting the parties to conduct discovery relating to and file dispositive motions on the discrete question of whether and the extent to which Kinsale owes a duty to defend the TRC Entities.

First, the Ninth Circuit has held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Kinsale does not argue that lifting the stay would cause it to suffer damage. Indeed, any harm Kinsale could suffer in connection with possibly over-contributing financially to the defense of the TRC Entities is remediable because it will retain recourse to recovering costs from any insurer that under-contributes. *See Colony Ins. Co. v. Temescal Rei, LLC*, No. 1:19-cv-01778-NONE-JLT, 2021 WL 535414, at *5 (E.D. Cal. Feb. 12, 2021).

Second, and most importantly, the Court finds that the orderly administration of justice is best served by lifting the stay. *CMAX*, 300 F.2d at 268. Not only has the instant stay delayed this action for a protracted period of time in deference to the Underlying Matter, but also, the appellate proceedings involving the Underlying Matter are likely to take many more months – and possibly will be followed by a new trial.

With the benefit of the parties' briefing and arguments, it appears the Court properly may lift the stay to permit limited proceedings that will not be affected by (or otherwise affect) the outcome of the Underlying Matter. The undersigned recognizes that a stay may be warranted

5

where proceeding with the case would require a court to consider facts developed in an underlying state suit or potentially lead the court to make factual determinations that conflict with facts determined in the underlying action. *See Zurich Am. Ins. Co. v. Omnicell, Inc.*, 2019 WL 570760, at *6 (N.D. Cal. Feb 12, 2019). *See also RLI Ins. Co. v. Ace Am. Ins. Co*., 2020 WL 1322955, at *4 (N.D. Cal. Mar. 20, 2020) ("courts look for whether the underlying case would make determinations that would inform or 'contribute to the decision of[ ] the factual and legal issues before the district court.'") (quoting *Lockyer*, 398 F.3d at 1110).

That does not appear to be a risk here. "For an insurer, the existence of a duty to defend turns not upon the ultimate adjudication of coverage under its policy of insurance, but upon those facts known by the insurer at the inception of a third party lawsuit." *Montrose I*, 6 Cal. 4th 287 at 295. (citations omitted). In other words, "the duty to defend runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed." *State Farm Gen. Ins. Co. v. Phillips*, 591 F. Supp.3d 680, 686 (C.D. Cal. 2022) (quotation and citation omitted). "The determination whether the insurer owes a duty to defend is usually made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co.,* 4 Cal. 4th at 1081.

During the hearing on Plaintiffs' motion, counsel for Kinsale conceded the general proposition that an insurer's duty to defend is determined based on the pleadings and facts known to the insurer at the time of its coverage decision. (2/23/2022 Transcript at 11:07:23 a.m.).

In short, the undersigned agrees with Plaintiffs that answering the discrete question whether Kinsale owes a duty to defend claims that are "merely potentially covered" by its policies for the TRC Entities may be answered without awaiting factual findings made in the Underlying Matter. As such, the stay properly may be lifted for the limited purpose of conducting discovery relating to and filing dispositive motions on the discrete question of whether and the extent to which Kinsale owes a duty to defend the TRC Entities in the Underlying Matter.

///

**CONCLUSION**

For the forgoing reasons, the Court **GRANTS IN PART** Plaintiffs' Motions to Lift Stay.

The stay is **HEREBY LIFTED** for the limited purpose of permitting the parties to conduct discovery relating to and file dispositive motions on the discrete question of whether and the extent to which Kinsale owes a duty to defend the TRC Entities in the Underlying Matter.

The parties are **HEREBY ORDERED** to meet and confer and file within 14 days of the date of this Order a joint report setting forth a proposed schedule to take and complete discovery on the limited question presented above, and a briefing schedule for any dispositive motions on that question. No discovery shall commence until the Court enters a scheduling order based on the parties' joint report.

In the event the parties agree to modify the scope of discovery and/or dispositive motions relating to the limited question presented above, they may include in their joint report a stipulation setting forth any agreed-upon modification.

IT IS SO ORDERED.

Dated:   **March 10, 2023**                                       _____
                                                                                    UNITED STATES MAGISTRATE JUDGE