UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST PAUL FIRE AND MARINE INSURANCE COMPANY and NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>KINSALE INSURANCE COMPANY,<br><br>Defendant,<br><br>TRC OPERATING COMPANY, INC. and TRC CYPRESS GROUP, LLC.,<br><br>Real Parties in Interest. | Case No. 1:20-cv-00967-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED REQUEST TO CONTINUE *NUNC PRO TUNC* CASE MANAGEMENT DATES<br><br>(Doc. 99) |

**Background**

Following its grant of Plaintiffs' motions for partial summary judgment and denial of Defendant's motion for summary judgment (*see* Doc. 94), on July 1, 2024, the Court adopted the parties' stipulated request to set case management dates governing the remainder of discovery and the briefing schedule for anticipated dispositive motions. (Doc. 96). Among other things, the Court directed the parties to complete alternative dispute resolution/mediation by October 29, 2024, to complete discovery by December 27, 2024, and to file any dispositive motions by February 7, 2025. *Id.*

Pending before the Court is the parties' stipulated request filed December 23, 2024, to continue by approximately 90 days all case management dates – including the expired deadline to complete alternative dispute resolution/mediation. (Doc. 99). The parties proffer that good cause

exists for the extension in part because new counsel for Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") substituted into the case on October 24, 2024, and "is in the process of becoming familiar with the more than four years of litigation associated with this matter." *Id.* at 2.  The parties represent that counsel's substitution prevented them from completing mediation by the deadline and that they continue to coordinate the scheduling of anticipated mediation, which they expect will be completed by January 2025.  The parties represent they have "diligently pursued discovery" but seek additional time in an effort to pursue mediation and "minimize expenses" through continued litigation.

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed: "... trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

Here, an extension of case management dates may be warranted; however, the Court does

not presently have before it sufficient information to find that the parties have undertaken discovery diligently such that good cause would support the granting of any request for extension. Specifically, although the parties represent they have "diligently pursued discovery" (Doc. 99 at 2), the parties have not provided the Court with any details concerning what discovery was completed before St Paul's current counsel substituted into the case, what discovery has been completed since counsel substituted into the case, and what discovery remains to be completed (*i.e.*, third-party subpoenas, depositions, etc.).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the parties' stipulated request to extend discovery and all other case management dates (Doc. 99) is DENIED WITHOUT PREJUDICE to the parties' filing of a renewed stipulated request identifying good cause for any extension.

IT IS SO ORDERED.

Dated:   **December 26, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE