UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST PAUL FIRE AND MARINE INSURANCE COMPANY and NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>KINSALE INSURANCE COMPANY,<br><br>Defendant,<br><br>TRC OPERATING COMPANY, INC. and TRC CYPRESS GROUP, LLC.,<br><br>Real Parties in Interest. | Case No. 1:20-cv-00967-CDB<br><br>ORDER GRANTING STIPULATED REQUEST TO AMEND SCHEDULING ORDER <u>AS MODIFIED</u><br><br>(Doc. 101) |

**<u>Background</u>**

On December 23, 2024, the parties filed a jointly executed stipulated request to continue by approximately 90 days all case management dates – including the expired deadline to complete alternative dispute resolution/mediation. (Doc. 99). The parties proffered that good cause existed for the extension in part because new counsel for Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") substituted into the case on October 24, 2024, and "is in the process of becoming familiar with the more than four years of litigation associated with this matter." *Id.* at 2. On December 26, 2024, the Court denied the request without prejudice for the parties' failure to include sufficient detail regarding discovery taken before and after substitution of counsel, as well as what discovery remained to conducted. (Doc. 100).

Pending before the Court is the renewed jointly executed stipulated request by the parties

to amend the scheduling order.  (Doc. 101).

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems.  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed: "... trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

In the parties' renewed stipulated request, they represent that the California Supreme Court granted an extension of time to March 24, 2025, for "the TRC Entities to file their answering brief on the permits.  Attorneys' fees and costs will continue to accrue in the Underlying Action [*TRC Operating Co., Inc., et al. v. Chevron U.S.A., Inc.*, Case No. S-1500-CV-282520 DRL] until its resolution."  The parties represent that, thus, the total amount in controversy is unknown but "already in excess of $11,000,000."  The parties state that "the ongoing nature of the Underlying Action and the continued accrual of attorneys' fees and costs impact the mediation and settlement processes of the present action, as payment of said fees and

1  costs forms the basis of the dispute." (Doc. 101 at 2-3).

2  The parties further represent that they have conducted discovery, including document
3  productions, during the period from November 10, 2020, to May 25, 2023. The parties represent
4  that, due to substitution of counsel for St. Paul on October 24, 2024, and the resulting time needed
5  for new counsel to become familiar with the case, the parties were unable to complete mediation
6  by the October 29, 2024, deadline. Additionally, the parties provide that they have agreed to a
7  mediator and have had "numerous conferences regarding scheduling the mediation." They state
8  that completion of mediation is anticipated by March 2025. *Id.* at 3-4.

9  In their renewed request, the parties do not provide any facts suggesting they engaged in
10 any discovery from the date discovery reopened (July 2, 2024), through the discovery deadline on
11 December 27, 2024. (Doc. 96). As such, it does not appear to the Court that the parties have
12 been diligent in pursuing discovery in this action. The Court notes that there appear to be no
13 discovery requests issued by any party in 2024, neither prior to substitution of counsel for St. Paul
14 nor afterwards. As such, the Court sees no basis to extend any discovery deadlines as the parties
15 have demonstrated neither their diligent undertaking of discovery during the six months
16 scheduled nor good cause otherwise.

17 The Court will modify the scheduling order to the following extent:

18 - Deadline to complete alternative dispute resolution/mediation:   03/28/2025
19 - Deadline to file dispositive motions concerning Phase 2 issues:   04/18/2025
20 - Deadline to file opposition memorandums:   05/09/2025
21 - Deadline to file optional reply memorandums:   05/23/2025
22 - Hearing on dispositive motions:   06/02/2025, 10:30 a.m.
23 - Pre-trial conference:   07/21/2025, 10:00 a.m.
24 - Trial (estimated 2-3 days):   09/15/2025, 8:30 a.m.

25 ///
26 ///
27 ///
28 ///

3

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request to amend the scheduling order (Doc. 101) is GRANTED as modified. For good cause shown, the dates are amended **as modified**:

| | | |
|---|---|---|
| 1. Deadline to complete alternative dispute resolution/mediation: | | 03/28/2025 |
| 2. Deadline to file dispositive motions concerning Phase 2 issues: | | 04/18/2025 |
| 3. Deadline to file opposition memorandums: | | 05/09/2025 |
| 4. Deadline to file optional reply memorandums: | | 05/23/2025 |
| 5. Hearing on dispositive motions: | | 06/02/2025, 10:30 a.m. |
| 6. Pre-trial conference: | | 07/21/2025, 10:00 a.m. |
| 7. Trial (estimated 2-3 days): | | 09/15/2025, 8:30 a.m. |

All other provisions of the operative scheduling order (Doc. 96) not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated:   **January 28, 2025**

UNITED STATES MAGISTRATE JUDGE