UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST PAUL FIRE AND MARINE INSURANCE COMPANY and NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>KINSALE INSURANCE COMPANY,<br><br>Defendant,<br><br>TRC OPERATING COMPANY, INC. and TRC CYPRESS GROUP, LLC.,<br><br>Real Parties in Interest. | Case No. 1:20-cv-00967-CDB<br><br>ORDER ON STIPULATION TO STAY ACTION PENDING MEDIATION<br><br>(Doc. 111) |

Pending before the Court is the parties' joint stipulated request to stay this action pending the completion of mediation, filed on July 28, 2025. (Doc. 111).

**Background**

This consolidated action is a dispute between three insurance companies over their coverage of legal defense costs of TRC Operating Company, Inc. and TRC Cypress Group, LLC (collectively, "TRC"), the real parties in interest in this case. In 2014, TRC initiated a state court suit against Chevron USA, Inc. ("Chevron"), captioned *TRC Operating Co. v. Chevron, Kern County*, Case No. S-1500-CV-282520 DRL (the "Underlying Lawsuit") in which TRC seeks damages resulting from Chevron's alleged conduct and operations on its property. (Doc. 1 ¶ 6). The Underlying Lawsuit includes Chevron's crossclaims against TRC in which Chevron alleges

that TRC's conduct on their property, including their use of cyclic steaming methods to harvest and extract oil, caused physical injury to Chevron's property.  *Id*. ¶ 7.

On July 10, 2020, St. Paul Fire and Marine Insurance Company ("St. Paul") initiated this action with the filing of a complaint against Kinsale Insurance Company ("Kinsale").  (Doc. 1). The complaint asserts that Kinsale has a duty to share with St. Paul and New York Marine and General Insurance Company ("NY Marine") in the defense of TRC until the Underlying Lawsuit has concluded.  *Id*.  The St. Paul complaint does not assert any claims relating to any duty to indemnify TRC.  On August 5, 2020, NY Marine also filed a complaint against Kinsale in this Court similarly asserting that Kinsale has a duty to defend TRC in the Underlying Lawsuit.  On February 2, 2021, the NY Marine action was consolidated with the instant action, with the latter as the lead case. (Doc. 12).  The NY Marine complaint also seeks adjudication as to whether Kinsale owes a duty to indemnify TRC if Chevron prevails on its cross-complaint.  This portion of NY Marine's complaint currently is stayed pending the conclusion of the Underlying Lawsuit. (Doc. 65 at 6).

St. Paul and NY Marine filed a motion for summary judgment on April 18, 2025.  (Doc. 103).  Kinsale filed a motion for equitable contribution allocation that same day.  (Doc. 104).  After the parties filed oppositions (Docs. 105, 106) and the motions came before the Court for hearing (Doc. 108), the Court ordered the parties to submit supplement briefing (Doc. 110).  On July 28, 2025, the parties filed the pending stipulated request to stay the action pending mediation.  (Doc. 111).

**Stipulated Request to Stay**

The parties represent that they agreed to attend a mediation "on or before August 31, 2025," and that staying the proceedings pending mediation "would promote the interests of judicial economy and efficiency, and will preserve the status quo and minimize the expense of the parties' resources and those of the Court until such mediation can be concluded[.]"  *Id.* at 3.

The parties request that the Court stay the proceedings, including the supplemental briefing deadline and related trial dates, until the parties complete mediation.  *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *United States v. Howen*, No. 1:21-cv-00106-DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (quoting *Landis*, 299 U.S. at 254).  "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity."  *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

Here, the interests of judicial economy and efficiency are served by staying this case until the parties complete mediation.  Proceeding with the litigation of this action risks wasting judicial resources, as the parties may settle their claims during the mediation.

The Court does not find that the short stay anticipated will cause any hardship.  The parties stipulated to the request to stay and the case will not be delayed significantly given the parties' representation that they intend to complete mediation "on or before August 31, 2025." (Doc. 111 at 3).  The orderly course of justice weighs toward the grant of the requested stay in order to avoid complicating of the issues and allowing the parties to direct their resources and attention to mediation.  *See Haley v. MWI Veterinary Supply Co.*, No. 1:24-cv-00060-KES-HBK (Doc. 19), 2024 WL 3088707, at *1 (E.D. Cal. June 20, 2024).  Therefore, because the *Landis* factors weigh

toward granting of the stay, the Court finds that a stay of proceedings is appropriate in this case.

For good cause shown in the parties' stipulation, this action will be stayed pending the parties' completion of mediation.

**Conclusion and Order**

Accordingly, in light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED:

1. This action is STAYED pending the parties' completion of mediation, to be accomplished no later than August 31, 2025;

2. The parties are DIRECTED to file a joint status report within seven (7) days of completion of mediation, and no later than **September 8, 2025**, informing the Court of the status of the mediation and setting forth their respective positions regarding further litigation of this action.

3. All pending court dates (Doc. 96), including the pre-trial conference, the trial date, and the supplemental briefing deadline set forth in the Court's order holding the parties' motions in abeyance (Doc. 110), are VACATED, to be reset as necessary following the filing of the joint status report.

IT IS SO ORDERED.

Dated:   **July 30, 2025**                    _____
                                              UNITED STATES MAGISTRATE JUDGE

4